UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS,<br><br>     Petitioner,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | Case No. 1:20-cv-00256-BLW<br><br>**INITIAL REVIEW ORDER** |

  Petitioner Michael Curtis Reynolds is a federal prisoner incarcerated in Greenville, Illinois. Petitioner has filed a document entitled, "Motion for Actual Innocence and Legal Innocence under 28 U.S.C. § 2241." *See* Dkt. 1. The Court construes the pleading as a petition for writ of habeas corpus, under 28 U.S.C. § 2241, which challenges Petitioner's federal criminal convictions from the Middle District of Pennsylvania. *See* Dkt. 1.

  In its discretion, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to habeas petitions filed pursuant to § 2241. *See* Habeas Rule 1(b). Accordingly, the Court now reviews the Petition to determine whether it is subject to summary dismissal under Habeas Rule 4. Having carefully considered the record, the Court enters the following order dismissing the Petition for lack of jurisdiction.

INITIAL REVIEW ORDER - 1

## REVIEW OF PETITION

**1.     Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2241 is available to petitioners who show that they are in custody in violation of the Constitution, laws, or treaties of the United States. The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.     Discussion**

The United States Court of Appeals for the Third Circuit has already rejected challenges to Petitioner's convictions and sentence, both on direct appeal and on appeal from the denial of Petitioner's motion under 28 U.S.C. § 2255. *See United States v. Reynolds*, 374 Fed. App'x 356, 360, 2010 WL 971818, at *3 (3d. Cir. March 18, 2010) (unpublished); *Reynolds*, M.D. Pa. Case No. 3:05-cv-00493-WJN, at Dkt. 478, 491, 492, 493). This Court has no jurisdiction to review any decision made by the United States District Court for the Middle District of Pennsylvania or the Third Circuit Court of Appeals.

Nor may this Court entertain a § 2241 petition or a successive § 2255 motion in these circumstances, as Petitioner is in custody pursuant to a judgment of another federal district court. *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by … the district courts . . . *within their respective jurisdictions*.") (emphasis added); *id.* § 2255(a)

(stating that a prisoner in federal custody "may move the court *which imposed the sentence* to vacate, set aside or correct the sentence") (emphasis added). Finally, Petitioner has not shown that he has obtained authorization from a circuit court of appeals to file a successive § 2255 motion. *See* U.S.C. § 2255(h); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions.").

For the foregoing reasons, the Court must dismiss the Petition.

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice for lack of jurisdiction.

2. All pending motions (Dkt. 4, 8, and 9) are DENIED AS MOOT.

3. To the extent a certificate of appealability is required for Petitioner to appeal, the Court declines to issue one. *See* 28 U.S.C. § 2253(c).

DATED: June 29, 2020

_____
B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER - 3